**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ALMA IVETTE SOTO-ACEVEDO, JAIME ORLANDO VALENTIN SERRANO and the Conjugal Partnership Comprised by them,<br><br>**Plaintiffs**<br><br>v.<br><br>ALFREDO PADILLA, *et al.*,<br><br>**Defendants.** | CIVIL NO. 10-1931 (JAG) |

**OPINION & ORDER**

Garcia-Gregory, D.J.

Alma Ivette Soto-Acevedo and Jaime Orlando Valentin-Serrano, both married under a Conjugal Partnership, ("Plaintiffs") filed a Complaint on September 24, 2010 alleging that Puerto Rico government employees Alfred Padilla, Antonio Salva, Hilda Enid Davila-Feliciano and Lorraine Vega, ("Defendants") discriminated against Plaintiffs on the basis of their political affiliation. (See Docket No. 2). On October 15, 2010, Summons were issued and served on November 22, 2010. (See Docket Nos. 4 and 5**).**

Defendants, without submitting themselves to the jurisdiction of the Court, filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5), alleging that the service of process was deficient because the person who was served was not authorized

CIVIL NO. 10-1931 (JAG)                                                    2

by the Defendants to receive process on their behalf. (See
Docket No. 8). After various motions filed by both parties and
various court orders, on August 23, 2011, the Court denied
Defendants' motion to dismiss and instead granted an extension
of time to serve summons on the Defendants in their personal
capacities. (See Docket No. 19).

     Accordingly, on August 24, 2011, a notice of "Summons to be
Issued to Antonio Salva" was made and such Summons was issued on
August 26, 2011. (See Docket Nos. 21 and 22). On August 30,
2011, the Summons was served upon Antonio Salva in his personal
and official capacity, and on October 11, 2011, he answered the
Complaint. (See Docket Nos. 23 and 27).

     On December 29, 2011, the Court ordered Defendants to
answer, acknowledging the fact that only co-defendant Antonio
Salva had answered the complaint and that the remaining
Defendants -Alfred Padilla, Hilda Enid Davila Feliciano and
Lorraine Vega- should answer by January 12, 2012. (See Docket
No. 28).

     On January 11, 2012, the remaining Defendants, without
submitting themselves to the jurisdiction of the Court, filed a
Motion to Dismiss claiming that they were never sued in their
personal and official capacity. (See Docket No. 29). In summary,
said motion establishes that only the co-defendant Antonio Salva
was served while the remaining Defendants were never served

CIVIL NO. 10-1931 (JAG)                                                      3

properly. Plaintiffs opposed that motion, claiming that the only reason the remaining Defendants were not served properly was "inadvertent" and "due to a clerical error in the office". (See Docket No. 30).

## STANDARD OF REVIEW

"Effectuation of service is a precondition to suit." See Jenkins v. City of Topeka, 136 F.3d 1274, 1275 (10th Cir. 1998). FED. R. CIV. P. 12(b)(5) permits a court to dismiss an action for "insufficient service of process." See Fed. R. Civ. P. 12(b)(5). A defendant may "object to the plaintiff's failure to comply with the procedural requirements for proper service of the summons and complaint" as set forth in Rule 4. See Thompson v. Sears, Roebuck and Co., No. 04-5342, 2006 WL 573796 at *2 (E.D. Pa. 2006). "In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made." Id. (citing Reed v. Weeks Marine, Inc., 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001)).

## DISCUSSION

After filing the complaint, the plaintiff "may present a summons to the clerk for signature and seal." See FED. R. CIV. P. 4(b). The clerk then issues a "a copy of the summons that is addressed to multiple defendants" for each defendant to be served. Id.

CIVIL NO. 10-1931 (JAG)                                                        4

The purpose behind Rule 4 "is to give a party notice of the proceedings in sufficient time to prepare an adequate defense." See SEC v. Beisinger Indus. Corp., 552 F.2d 15, 20 (1st Cir. 1977). The service of process is the method through which a court may acquire jurisdiction over the defendant. In the absence of service of process, a court may not exercise power over a party the complaint names as defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Also, there is a time limit of 120 days during which the plaintiff must deliver a summons and a copy of the complaint. See FED. R. CIV. P. 4(m). Failure to deliver the summons or to serve it before the expiration of that term exposes the lawsuit to a dismissal without prejudice.

However, the Court may extend the time for service if the plaintiff shows good cause for the delay. The Court "must inquire whether the plaintiff has demonstrated good cause for his failure to serve within the prescribed 120-day period." See Colasante v. Wells Fargo Corporation, 81 Fed. Appx. 611, 612-13 (8th Cir. 2003). Good cause is shown "when some outside factor . . . rather than inadvertence or negligence, prevented service." See Mann v. Castiel, 681 F.3d 368, 374 (D.C. Cir. 2012). However, Courts have established that simple attorney neglect does not constitute a basis for "good cause". Even if the plaintiff does not demonstrate good cause, the Court may still

CIVIL NO. 10-1931 (JAG)                                                    5

show  leniency  towards  the  plaintiff  if  he  or  she  proves
excusable neglect. Id.

In  Floyd v. U.S., 900  F.2d.  1045  (7th  Cir.  1990),  the
plaintiff failed to serve defendant U.S. within 120 days after
filing the complaint as required by FED. R. CIV. P. 4(m) (then
Rule 4(j)). The plaintiff's attorney simply stated that his busy
schedule, combined with the unexpected absence of the secretary
responsible  of  seeing  that  service  was  effected,  caused  the
delay. The  district  court  dismissed  the  complaint  concluding
that that the plaintiff's attorney did not invoke a legitimate
basis for good cause. The Court of Appeals, affirming the lower
court's  decision,  established  that  "simple  attorney  neglect,
without the presence of substantial extenuating factors such as
sudden illness or natural disaster, cannot constitute the sole
basis for a 'good cause' determination". See Floyd, 900 F.2d. at
1047.

In  the  present  case,  Plaintiffs'  excuse  for  failure  to
serve the remaining Defendants is insufficient. The fact that
his failure to submit additional summons was "inadvertent" and
"due to a clerical error in the office" does not constitute good
cause nor excusable neglect, as explained above. Plaintiffs'
excuse  is  even  less  availing  given  that  they  had  two
opportunities to  properly  serve  Defendants.  Thus,  the  Court

CIVIL NO. 10-1931 (JAG)                                                    6

finds that Plaintiffs have not shown good cause nor excusable neglect that would justify the granting of their motion.

This conclusion would normally compel the Court to dismiss the present case, without prejudice, for failure to comply with FED. R. CIV. P. 4(m). However, the problem here is that this case continues as to co-defendant Antonio Salva. Therefore, should Plaintiffs wish to renew their case against the dismissed defendants, a new case should be filed and the filing fee paid. Then, sound litigation management would compel the Court to consolidate that case with the present one. In the interest of efficiency, then, the Court will allow Plaintiffs to sidestep this procedural hurdle and serve defendants in this action (excluding Antonio Salva) anew.

*However*, the Court will not allow Plaintiffs' behavior to go unpunished. Should they wish to continue the case against those defendants, Plaintiffs shall pay the equivalent amount of filing a new case, **$350.00**, in sanctions. **Payment of sanctions is due in 2 weeks from the date of entry of this order.** Upon satisfaction of this amount, the Clerk shall issue the corresponding summons. **Plaintiffs shall then have 30 days therefrom to serve summons upon the aforementioned defendants.**

**CIVIL NO.** 10-1931 (JAG)                                                                  7


IT IS SO ORDERED.


    In San Juan, Puerto Rico, this 24th day of August, 2012.




                                S/ Jay A. Garcia-Gregory
                                JAY A. GARCIA-GREGORY
                          United States District Judge